**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**CASE NO. 5:09 CV 20**

TRANSAMERICA FINANCIAL LIFE
INSURANCE COMPANY,

      **Plaintiff,**

      v.                                  **COMPLAINT IN INTERPLEADER**

CRYSTAL BODIE SMITH and KAREN
WHEELER-WILLIAMS,

      **Defendants.**

Transamerica Financial Life Insurance Company ("Transamerica"), as a Plaintiff in Interpleader, complaining of Defendants, alleges and says:

<u>Parties</u>

1.     Transamerica is a corporation organized under the laws of the State of New York with its principal place of business in New York. Transamerica is duly authorized to engage in business in the State of North Carolina.

2.     Defendant Crystal Bodie Smith ("Smith") is a citizen and resident of Raleigh, Wake County, North Carolina and currently resides at 1220-B Manassas Court, Raleigh, North Carolina 27609, where she may be served. Upon information and belief, Smith is the sister of the late Charles Alonza Phillips, Jr. ("Decedent").

3.     Defendant Karen Wheeler-Williams ("Wheeler-Williams") is a citizen and resident of Henderson, Nevada and currently resides at 2260 Jordan Valley Court, Henderson, Nevada, where she may be served. Upon information and belief, Wheeler-Williams is a friend of Decedent.

**Jurisdiction and Venue**

4.      The Court has jurisdiction over this matter under 28 U.S.C. § 1335, entitled Interpleader, because there is diversity of citizenship as defined in 28 U.S.C. § 1332 among two rival claimants to life insurance benefits in excess of $500, which Transamerica is prepared to deposit into the registry of this Court and to abide by the judgment of the Court with respect to the appropriate disposition of such sums.

5.      Venue is proper in the Eastern District of North Carolina under 28 U.S.C. § 1397, where one of the Defendant claimants in Interpleader may be found.

**Claim in Interpleader**

6.      On August 8, 1997, Decedent completed an application for life insurance seeking life insurance benefits from Transamerica on his life in the face amount of $24,902 ("the Application"). A true and correct copy of the Application is attached at Tab A. The primary (and only) beneficiary is identified on the Policy as "Karen Wheeler/Williams, wife."

7.      On August 22, 1997, Transamerica issued Policy No. 765439210B to Decedent insuring Decedent's life in the face amount of $24,902 ("the Policy"). A true and correct copy of the Policy is attached at Tab B

8.      On October 21, 2008, Decedent died in Wake County, North Carolina. A true and correct copy of Decedent's death certificate is attached at Tab C.

9.      Following Decedent's death, Transamerica received notice of Decedent's death together with notice of adverse and competing claims for the proceeds of the Policy from:

         a.    Defendant Wheeler-Williams, claiming entitlement as the designated primary beneficiary under the Policy as set forth on the Application, by letters from her

counsel dated October 23, 2008 and November 12, 2008, true and correct copies of which are attached hereto at Tabs D and E, respectively; and

b. Defendant Smith, claiming entitlement by virtue of a handwritten letter she contends she faxed to Transamerica on October 20, 2008 (a true and correct copy of which is attached hereto at Tab F) seeking to change the beneficiary under the Policy pursuant to authority under a Power of Attorney she contends Decedent executed in favor of Smith on October 13, 2008, by letters dated November 4, 2008, November 21, 2008 and December 4, 2008, true and correct copies of which are attached hereto at Tabs G, H and I, respectively.

10. On or before December 5, 2008, Defendants agreed to direct, and did direct, Transamerica to pay $7,000 of the proceeds of the Policy to Haywood Funeral Home in Raleigh, North Carolina in payment of certain of Decedent's funeral expenses, which Transamerica did. After payment of this expense, the total amount of proceeds remaining to be paid under the Policy is $17,919.44, plus interest, if any (the "Policy Proceeds").

11. By letters dated December 5, 2008 and December 30, 2008, Transamerica notified Defendants, as adverse and competing claimants, that their claims were adverse to one another and raise questions of fact and law that could not be resolved by Transamerica without exposing Transamerica to the danger of double liability, requiring interpleader in the absence of Defendants' agreement as to the distribution of the Policy Proceeds. True and correct copies of Transamerica's letters to Defendants are attached hereto at Tabs J and K, respectively.

12. Defendants have not reached any agreement as to the disposition of the Policy Proceeds, and Transamerica is not in a position to determine entitlement to such Proceeds without exposing itself to potential multiple liability.

13.     Transamerica acknowledges its liability for the payment of the Policy Proceeds, and is ready, willing and able to deposit the Policy Proceeds, together with accrued interest thereon, if any, into the registry of this Court and to abide by the judgment of this Court with respect to the appropriate disposition of such Proceeds.

14.     Transamerica is an innocent and impartial stakeholder as between conflicting and adverse claimants and has no liability to any of the Defendant claimants except insofar as disposition of the Policy Proceeds is concerned. Transamerica is entitled to interplead Defendants and deposit the Policy Proceeds into the registry of this Court and to an order dismissing Transamerica with prejudice from this action, discharging Transamerica from all further liability arising under the Policy, and enjoining and restraining Defendants from the institution or continuation of any other claims against Transamerica in any manner arising out of or in connection with the matters and things herein set forth.

15.     Transamerica is an innocent and impartial stakeholder with regard to the issues herein, and has been drawn into a controversy not of its own making and has been required to expend time and money in the defense of this action to discharge properly its obligations, which would have been unnecessary but for the controversy and dispute between Defendants with respect to which Transamerica has no interest or position, and that by reason of these matters Transamerica is entitled to the assessment of its attorneys' fees and costs incurred in this matter against the corpus of the Policy Proceeds to be deposited into the registry of this Court.

WHEREFORE, Transamerica prays that the Court:

1.     Determine and confirm its jurisdiction over the parties and this cause;

2.     Enter an Order adjudging this to be a proper action in Interpleader and authorizing and directing Transamerica to deposit the Policy Proceeds into the registry of this Court in full

satisfaction and discharge of all liability Transamerica may have to Defendants and all other parties;

3.      Enter an Order directing Defendants to appear and assert such claims as they may have to the Policy Proceeds or forever be barred therefrom;

4.      Upon deposit of the Policy Proceeds into the registry of the Court, order that Transamerica be dismissed with prejudice from this action and released and discharged from all further liability arising under the Policy to Defendants and all other parties;

5.      Upon said deposit, order that Defendants, and each of them, be enjoined and restrained from the institution or continuation of any other action against Transamerica in connection with or arising out of the Policy, the Policy Proceeds or the death of Decedent, in any other state or federal court or other tribunal or forum;

6.      Enter an order directing that the costs of this action and attorneys' fees incurred by Transamerica in the pursuit of this action, in which it is an innocent and impartial stakeholder, be charged against and paid out of the Policy Proceeds deposited into this Court; and

7.      For such other and further relief as the Court may deem just and proper.

This 16th day of January, 2009.

                                        /s/Louis A. Bledsoe, III
                                        Louis A. Bledsoe, III
                                        N.C. State Bar No. 12730
                                        ROBINSON, BRADSHAW & HINSON, P.A.
                                        101 North Tryon Street, Suite 1900
                                        Charlotte, NC  28246
                                        Telephone: (704) 377-2536
                                        Facsimile: (704) 378-4000
                                        E-Mail: LBledsoe@rbh.com

                                        Attorney for Plaintiff